UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TONY DeROUEN | CIVIL ACTION NO. 07-2235 |
| VS. | SECTION P |
| CHAD LEE, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 26, 2007, by *pro se* plaintiff Tony DeRouen. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana. Plaintiff complains about the conditions of confinement at that institution and seeks only punitive damages. He named as his defendants FPDC Warden Chad Lee, Franklin Parish Sheriff Steve Pylant, and the governing authority of Franklin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

According to the complaint, the FPDC is not handicap accessible for persons with plaintiff's condition. Plaintiff, however, does not state the nature of his "condition." He claims that the cafeteria guards have discriminated against his handicap, causing him mental anguish and defamation of character. He sued the Warden because it is his job to oversee the facility. He

sued the Sheriff because he is responsible for any facility "sponsored" by the Parish.

On March 19, 2008, the undersigned completed an initial review of plaintiff's complaint. The complaint was determined to be deficient and plaintiff was directed to amend to provide more specific information in support of his claims. Plaintiff was specifically directed to amend his complaint within 30 days of March 19, 2008, the date of the order. [doc. 6]

More than 30 days have elapsed and plaintiff has not responded to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's deficient complaint was reviewed pursuant to 28 U.S.C. §1915 and plaintiff was directed to amend the complaint to cure noted deficiencies. Plaintiff has failed or refused to comply with that order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, May 16, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE